## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**

**$27,189.00, MORE OR LESS,
IN U.S. CURRENCY.**

**Civil Action No. 20-CV-00476-TFM-B**

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff United States of America, by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States of America, pursuant to 21 U.S.C. § 881(a)(6), approximately $27,189.00, more or less, in U.S. Currency (Defendant Funds) as moneys furnished or intended to be furnished by a person in exchange for a controlled substance, proceeds traceable to such an exchange, or moneys used or intended to be used to facilitate a federal controlled substance offense.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over an action commenced by the United States by virtue of 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355.

3.      This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

a.      28 U.S.C. § 1355(b)(1)(A), because pertinent acts or omissions giving rise to the forfeiture occurred in or around Evergreen, Alabama, which is in Conecuh County, and the Southern District of Alabama; and

b.      28 U.S.C. § 1355(b)(1)(B), because venue properly lies in the Southern District of Alabama pursuant to 28 U.S.C. § 1395.

4.      Venue is proper in the United States District Court for the Southern District of Alabama, pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## THE DEFENDANT *IN REM*

5.      The Defendant Funds consist of $27,189.00, more or less, in United States currency that was seized on April 24, 2020, on Interstate 65 (South) at or about Mile Marker 83.  United States Department of Homeland Security - Homeland Security Investigations (HSI) took custody of the Defendant Funds and they remain in the custody of the United States.

6.      As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7.      The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a

person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.      Specific details of the facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by HSI Special Agent (SA) Daniel McKenzie.  He states as follows:

a.      At all times relevant, Daniel McKenzie was and remains employed as a SA with HSI.  He has participated in numerous investigations, including investigations related to the Federal Controlled Substances Act and money laundering violations within the Southern District of Alabama and other judicial districts.  Special Agent McKenzie is familiar with the operation of persons involved in the illegal prescribing, distribution, storage, and transportation of prescription drugs and the collection and distribution of money representing the proceeds of drug trafficking.

b.      On April 24, 2020, Trooper Lee Smith of the Alabama Law Enforcement Agency (ALEA), an agency assigned to the HSI Mobile Task Force, observed a 2019 Dodge Charger displaying Alabama license plate number xxx2668 traveling south on Interstate 65 near mile marker 83.  Trooper Smith noted that the vehicle was traveling in excess of the posted speed limit.  Subsequently, Trooper Smith initiated a traffic stop on this vehicle.  Upon approaching the vehicle, Trooper Smith noticed two (2) occupants within.  The driver was identified as Reginald Antoine Kyser Johnson.  There was a female passenger in the vehicle.  Johnson was unable to provide a valid driver's license but did provide a California identification card.  The passenger was also determined to be from

3

Adelanto, California.  During the initial contact with the vehicle occupants, Trooper Smith noted a strong odor of marijuana coming from the vehicle.  Subsequently, he asked the driver to exit the vehicle where they engaged in conversation about the odor.

      c.      While speaking to Johnson, Trooper Smith observed bulges in the front pockets of Johnson's pants.  Ultimately, Trooper Smith determined the bulges were actually large sums of U.S. currency.  Trooper Smith requested assistance from Corporal (Cpl.) George Roe who proceeded to the scene of the traffic stop.  Once on scene, Cpl. Roe and Trooper Smith conducted a probable cause search of the vehicle.  The search yielded more U.S. currency and approximately one pound of marijuana that was packaged in food saver bags.  In the trunk, Troopers located two (2) suitcases, one from which an odor of marijuana was emitting.  These suitcases contained empty food saver bags that were consistent with the bag found within the vehicle that contained marijuana.  These empty bags smelled of marijuana and appeared to have residual traces of marijuana within.  The evidence on scene indicated that Johnson had recently sold a large quantity of marijuana and the currency located in the vehicle and on Johnson's person were proceeds from selling said marijuana.

      d.      Based on the foregoing information, Troopers contacted ALEA Narcotic Agent T. Bagley who is the ALEA Task Force Officer assigned to the HSI Mobile, Alabama Office.  Agent Bagley and HSI SA, Daniel McKenzie, proceeded to the scene of the traffic stop to speak to Johnson.  Agent Bagley and SA McKenzie arrived on scene and spoke to Johnson.  When questioned about the origin of the currency, Johnson stated that he was a rap music promoter and the currency was proceeds from pre-ticket sales for a "Young Geezy" concert that was scheduled for Father's Day in Alabama.  He stated that

he had flown into Birmingham and was traveling around and collecting money from various sources in Birmingham and Montgomery.  When questioned about contents of the suitcases, Johnson stated that a friend had given them to him, and he did see the packaging materials inside but didn't think anything about it.  Agents noticed that the suitcases appeared to be new with some of the original stuffing inside some of the pockets. Additionally, the roller wheels on the suitcases appeared to be barely scuffed and had a strong odor of marijuana emitting from within.

      e.      The ALEA maintained possession of the narcotics and currency.  The Trooper issued Johnson an Alabama Uniform Non-Traffic Citation and Complaint for Possession of Marijuana 2nd, a violation of Section 13A-12-214 Code of Alabama 1975 and a court date.  Johnson and his passenger were then released from the scene.

      f.      On April 28, 2020, HSI Mobile seized the currency taken from Johnson and his vehicle as proceeds of drug activity.  The funds were converted to Hancock Whitney cashier's check number 117303925.  The official count of the currency was determined to be $27,189.00.

      g.      On April 29, 2020, HSI detained the marijuana and sent it to the U. S. Customs and Border Protection Laboratory in Savannah, GA for analysis.  The amount of marijuana sent to the laboratory was approximately 59.09 grams.

      h.      A review of Johnson's criminal history associated revealed that he has been assigned an FBI number.  A query through the National Crime Information Center showed that Johnson has been arrested several times for drug related crimes.

9.      Based on the facts as set out by SA McKenzie, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

**CONCLUSION**

10.     As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial.  Specifically, probable cause exists to believe that the Defendant Funds constitute money used or intended to be used to facilitate federal controlled substance offenses, proceeds or are traceable to proceeds of federal controlled substance offenses, or money furnished or intended to be furnished in exchange for a controlled substance, in violation of 21 U.S.C. § 801, *et seq.*, and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States of America respectfully requests that process of forfeiture be issued against the Defendant Funds; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that the Defendant Funds be forfeited to the United States for disposition according to law; and that the United States have such other and further relief as this case may require.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY


Date: September 28, 2020          By:     */s/ Gina S. Vann*
                                         Gina S. Vann
                                         Assistant United States Attorney
                                         63 S. Royal Street, Suite 600
                                         Mobile, Alabama 36602

## **VERIFICATION**

I, Daniel McKenzie, hereby verify and declare under penalty of perjury, that I am a Special Agent with the United States Department of Homeland Security - Homeland Security Investigations, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, including ALEA. The Verified Complaint does not contain each and every fact that I have learned during the course of this investigation, but only those necessary to support the seizure of the Defendant Funds and the initiation of this civil forfeiture action.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of September, 2020.

Daniel McKenzie, Special Agent
ICE - Homeland Security Investigations

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
$27,189.00, more or less, in U.S. Currency

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
AUSA Gina S. Vann, USAO, SDAL, 63 S. Royal St., Suite 600, Mobile, AL 36609 251-441-5845

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☒ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice ☐ 365 Personal Injury - Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations **PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare ☐ 530 General | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment ☐ 535 Death Penalty ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
21 USC 881(a)(6)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 09/25/2020
SIGNATURE OF ATTORNEY OF RECORD
s/Gina S. Vann, AUSA

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     **Plaintiff,**

v.                           **Case No. 20-CV-00476-TFM-B**

**$27,189.00, MORE OR LESS,
IN U.S. CURRENCY.**

<u>NOTICE OF FORFEITURE ACTION</u>

     The United States of America, by and through the United States Attorney for the Southern District of Alabama, Richard W. Moore, filed a Verified Complaint for Forfeiture, on September 28, 2020, against $27,189.00, more or less, in U.S. Currency, which is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act.

     On September 28, 2020, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, plaintiff sent this direct Notice of Forfeiture Action by certified mail, return receipt requested and Regular U.S. Mail to:

H. Chase Dearman, Esq.
Dearman Law Firm, P.C.
Attorneys at Law
160 St. Emanuel Street
Mobile, Alabama 36602

Reginald Johnson
221 Lexington Avenue
San Mobile, Alabama 36603

     Those receiving this notice are notified that in order to defend against civil forfeiture of the property, any person claiming an interest in, or right against it, must first timely file a claim in the

court where the action is pending, pursuant to Rules G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.   Any such claim must identify the specific property claimed, identify the claimant and state the claimant's interest in the property, be signed by *the claimant* under penalty of perjury, and be served on the government attorney handling the case who is identified below.   A claimant sent notice must file a claim no later than **35** days after the date notice is sent.   This notice was sent on **September 28, 2020,** making any claim by a claimant sent direct notice due no later than **November 2, 2020.**   In addition, any person having filed such a claim must also file an answer or motion in response to the complaint no later than **21** days after the filing of the claim.   These dates may be extended in the event that any persons who reasonably appear to be potential claimants are identified.

Any claim you filed with the seizing agency in an administrative proceeding is **<u>NOT</u>** a substitute for the claim you must file in this action which meets the requirements of and within the time allowed under Rules G(4) and G(5), as described above.

Claims and Answers are to be filed with the Clerk, United States District Court, Southern District of Alabama, 155 St. Joseph Street, Mobile, Alabama 36602, with a copy thereof sent to Assistant United States Attorney, Gina S. Vann, 63 S. Royal Street, Suite 600, Mobile, Alabama 36602.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: September 28, 2020        By:    */s/ Gina S. Vann*
                                        Gina. S. Vann
                                        Assistant United States Attorney
                                        63 S. Royal Street, Suite 600
                                        Mobile, Alabama 36602
                                        Telephone:   (251) 441-5845

<u>**CERTIFICATE OF SERVICE**</u>

On September 28, 2020, I certify that pursuant to Supp. R. For Adm. M. and Forf. Claims G(4)(b), the foregoing Notice of Judicial Forfeiture Proceeding and a copy of the Complaint *In Rem*, was sent via certified U.S. Mail, return receipt requested and regular U. S. Mail, to the following:

H. Chase Dearman, Esq.
Dearman Law Firm, P.C.
Attorneys at Law
160 St. Emanuel Street
Mobile, Alabama 36602

Reginald Johnson
221 Lexington Avenue
San Mobile, Alabama 36603

*/s/ Gina. S. Vann*

_____
Gina S. Vann
Assistant United States Attorney

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

**v.**                           **Case No. 20-CV-00476-TFM-B**

**$27,189.00, MORE OR LESS,**
**IN U.S. CURRENCY.**

## WARRANT FOR ARREST OF
## <u>$27,189.00, MORE OR LESS, IN U.S. CURRENCY</u>

**TO THE DEPARTMENT OF HOMELAND SECURITY OF THE SOUTHERN DISTRICT OF ALABAMA AND/OR ANY OTHER DULY AUTHORIZED LAW ENFORCEMENT OFFICER:**

     **WHEREAS**, a Verified Complaint for Forfeiture *In Rem* which had been filed in this Court on September 28, 2020, alleges that the defendant in rem in the above-captioned action is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6), which subjects to civil forfeiture all money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all money used or intended to be used to facilitate any violation of the Controlled Substances Act; and,

     **WHEREAS**, the defendant is more particularly identified as $27,189.00, more or less, in U.S. Currency; and,

     **WHEREAS**, said defendant is alleged to be in the government's possession, custody or control in the Verified Complaint for Forfeiture *In Rem*, namely, the Department of Homeland Security, in the Southern District of Alabama, and,

**WHEREAS**, Rule G(3)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, effective December 1, 2006, requires that the Clerk of Court issue a warrant for arrest of such a defendant if it is in the government's possession, custody, or control, and,

**WHEREAS,** service of a warrant for arrest in connection with a Verified Complaint for Forfeiture on property already in the government's possession, custody or control is necessary to establish the Court's *in rem* jurisdiction over the property;[1] and,

**WHEREAS**, Rule G(3)(b)(iii) provides that a warrant for arrest and any supplemental process may be executed outside the district when the Verified Complaint for Forfeiture *In Rem* is filed if authorized by statute; and,

**WHEREAS**, 28 U.S.C. §1355(d) authorizes any Court with jurisdiction over a forfeiture action pursuant to subsection (b) may issue and cause to be served in any district such process may be required to bring before the court the property that is the subject of the forfeiture action by any court with jurisdiction over a forfeiture action; and,

**WHEREAS,** the United States District Court for the Southern District of Alabama has jurisdiction of this action as at least some of the acts or omissions giving rise to the forfeiture

---

[1]    *United States v. All Funds Distributed to Weiss*, 345 F.3d 49, 55 n.7, 56 n.8 (2d Cir. 2003) (seizure or constructive control of the property is necessary for the court to exercise in rem jurisdiction; distinguishing *James Daniel Good* as creating a special case for real property); *Ventura Packers, Inc. V. F/V Kathleen*, 424 F.3d 852, 853 (9th Cir. 2005) (in rem jurisdiction is obtained by serving an arrest warrant in rem pursuant to [former] Rule C(3)); *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1183-84 (C.D. Cal. 2005) (the court does not obtain jurisdiction over the res until it is arrested, seized, or otherwise brought within the court's control; obtaining jurisdiction over the property and sending notice to potential claimants are different concepts).

occurred in the district, authorizing the issuance and service of the warrant in another district under 28 U.S.C. §1355(b)(1)(A).

**YOU ARE, THEREFORE, HEREBY COMMANDED** to as soon as practicable arrest and seize the defendant described herein and in the Verified Complaint for Forfeiture *In Rem*, to make prompt return thereof, and to use discretion and whatever means appropriate to protect and maintain said defendant.

Dated: _____

CHARLES R. DIARD, JR.
CLERK OF COURT

By: _____
Deputy Clerk